IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Randie Davies, ) | Civil Action No.: 3:19-cv-02122-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| WTD Holdings, Inc. d/b/a C.T. Darnell ) | |
| Construction Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Randie Davies filed the instant action against Defendant WTD Holdings, Inc. d/b/a C.T. Darnell Construction Company ("WTD Holdings"), alleging four causes of action: (Count I) Defamation, (Count II) Breach of Contract, (Count III) Tortious Interference with a Contract – Severance Agreement, and (Count IV) Tortious Interference with a Contract – School District. (ECF No. 1-1 at 4–7.)

This matter is before the court on Plaintiff's Motion to Dismiss WTD Holdings' Counterclaim for Breach of Contract, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. WTD Holdings opposes Plaintiff's Motion to Dismiss asserting that it has "properly alleged a breach of contract cause of action." (ECF No. 12 at 2.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Dismiss pursuant to Rule 12(b)(6).

## I. RELEVANT BACKGROUND OF PENDING MOTION

Plaintiff Randie Davies, a citizen of South Carolina, alleges that he was previously employed by Defendant WTD Holdings, Inc. d/b/a/ C.T. Darnell Construction Company, a Georgia corporation, as a superintendent. (ECF No. 1-1 at 2.) After experiencing personal and job site issues, Davies was discharged from his duties on December 20, 2018, and presented with a

1

Severance and Release Agreement ("Severance Agreement"), which he and his employer executed. (*Id.* at 3.)

Davies began searching for other employment and applied online for a Construction Site Manager position with Lexington County School District One ("School District"). (*Id.* at 3.) In March of 2019, Davies interviewed for the position with the School District and was later offered and accepted the position. (*Id.* at 3–4.) Davies provided the School District with personal references. (*Id.* at 4.) After a representative of the School District contacted WTD Holdings for information about Davies, on March 26, 2019, the School District informed Davies he was no longer selected for the position. (*Id.*)

On June 18, 2019, Davies filed a Complaint against WTD Holdings in the Court of Common Pleas for Lexington County, South Carolina, alleging claims of defamation (Count I), breach of contract (Count II), tortious interference with the Severance and Release Agreement (Count III), and tortious interference with an employment contract between Davies and the School District (Count IV). (*Id.* at 4–7.) Specifically, Davies alleges "[t]he School District's sudden decision not to hire [him] for the position is attributable to negative, exaggerated, and untrue information Jennifer Kinsey provided to the School District during a phone call in which she was acting in her official capacity as Vice President of C.T. Darnell." (*Id.* at 4.)

On July 29, 2019, WTD Holdings removed the matter to this court. (ECF No. 1.) Thereafter, on August 8, 2019, WTD Holdings filed a Partial Motion to Dismiss (ECF No. 5.) On August 16, 2019, Davies entered a Stipulation of Partial Dismissal with Prejudice with respect to (Count III) Tortious Interference with a Contract – Severance. (ECF No. 6.) On August 26, 2019, WTD Holdings filed an Answer and a Counterclaim, alleging that Davies breached the Severance Agreement contract by making false and disparaging comments about WTD Holdings. (ECF No.

2

9.) Subsequently, Davies filed the instant Motion to Dismiss, arguing that WTD Holdings' counterclaim pleadings fail to identify "a breach and damages that satisfy the requirements of Fed. R. Civ. P. 8 and the plausibility requirements established under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (ECF No. 11-1 at 2.) WTD Holdings filed a Response in Opposition (ECF No. 12), and Davies filed a Reply (ECF No. 13).

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*See* ECF No. 1 at 3–5 and 9 at 7.)

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v.*

*Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"In reviewing the dismissal of a complaint under Rule 12(b)(6)," [] [the court] 'may consider documents attached to the complaint[] as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (quoting *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

## IV. ANALYSIS

To recover for a breach of contract, the party asserting the claim must allege and prove: 1) a binding contract entered into by the parties; 2) breach or unjustifiable failure to perform the contract; and 3) damage suffered by the claiming party as a direct and proximate result of the breach. *Pope v. Barnwell County Sch. Dist. No. 19*, 2017 U.S. Dist. LEXIS 45358, at *14 (quoting *Tomlinson v. Mixon*, 626 S.E.2d 43, 49 (S.C. 2006)).

Defendant WTD Holdings has sufficiently alleged the elements of a breach of contract to survive a motion to dismiss. First, neither party disputes that the Severance Agreement constituted a binding contract between them, satisfying the first element of a breach of contract. (*See* ECF Nos. 11-1 at 3 & 12 at 3.)

Second, WTD Holdings alleges the Severance Agreement required "Plaintiff not to make any statement, oral or written, that disparages Defendant," and that Plaintiff "breached the

4

Severance Agreement by making false and disparaging comments about Defendant." (ECF No. 9 at 8.) Davies incorrectly argues WTD Holdings' pleadings are insufficient because they are conclusory assertions and fail to identify the date and contents of the statements. (ECF No. 11-1 at 4.) By alleging that Davies made false and disparaging comments to others about WTD Holdings' has demonstrated its counterclaim has "facial plausibility" and has set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (ECF No. 11-1 at 3 (quoting *Iqbal*, 556 U.S. at 678).) Therefore, the second element for a claim of breach of contract is satisfied.

Third, WTD Holdings has properly alleged that Davies' breach of the Severance Agreement caused direct and proximate damages to WTD Holdings. Under South Carolina law, the "necessary elements of a contract are an offer, acceptance, and valuable consideration." (ECF No. 12 at 3 (quoting *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 731 (D.S.C. 2014)).) Because Davies admits the Severance Agreement constitutes a valid contract, he therefore admits that WTD Holdings paid valuable consideration to him. (*Id.*) Consequently, WTD Holdings allegedly suffered reputational damages when Davies allegedly failed to uphold his requirements under the contract. (*Id.* at 3–4.) Therefore, WTD Holdings has sufficiently alleged the elements of a breach of contract.

## V. CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Plaintiff Randie Davies' Motion to Dismiss (ECF No. 11) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

April 8, 2020
Columbia, South Carolina